1  **LAW OFFICES OF DALE K. GALIPO**
   Dale K. Galipo (SBN 144074)
2  E-mail: dalekgalipo@yahoo.com
   Hang D. Le (SBN 293450)
3  E-mail: hlee@galipolaw.com
   21800 Burbank Blvd., Suite 310
4  Woodland Hills, CA 91367
   Tel: (818) 347-3333; Fax: (818) 347-4118

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON STEVENSON, an individual;<br><br>　　　　　　Plaintiffs,<br><br>　　vs.<br><br>LAMONT NASH; SUZANNE PORTILLO; and DOES 1-10, inclusive,<br><br>　　　　　　Defendants. | Case No. 2:24-cv-11112<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Fourth Amendment—Excessive Force (42 U.S.C. § 1983)<br>2. Fourth Amendment—Denial of Medical Care (42 U.S.C. § 1983)<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT FOR DAMAGES

# COMPLAINT FOR DAMAGES

BRANDON STEVENSON, an individual, brings this Complaint against Defendants LAMONT NASH, SUZANNE PORTILLO, and DOES 1-10, inclusive, and hereby alleges as follows:

## INTRODUCTION

1. This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution in connection with the officer-involved shooting of Plaintiff BRANDON STEVENSON on July 4, 2021.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth Amendment of the United States Constitution.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## PARTIES

4. At all relevant times, Plaintiff BRANDON STEVENSON ("PLAINTIFF") was an individual residing in the County of Los Angeles, California.

5. At all relevant times, Defendant LAMONT NASH ("NASH") was a police officer working for the California Highway Patrol ("CHP"). At all relevant times, NASH was acting under color of law and within the course and scope of his duties as a police officer for the CHP and State of California ("STATE"). NASH was acting with the complete authority and ratification of his principal, STATE by and through the CHP.

6. At all relevant times, Defendant SUZANNE PORTILLO ("PORTILLO") was a police officer working for the California Highway Patrol. At all relevant times, PORTILLO was acting under color of law and within the course and scope of her duties as a police officer for the CHP and STATE. PORTILLO was acting with the complete authority and ratification of her principal, STATE by and through the CHP.

7. At all relevant times, Defendants DOES 1-10 ("DOE OFFICERS") are CHP Officers working for CHP who were acting under color of law within the course and scope of their duties as CHP Officers for the CHP.  DOES 1-5 were acting with the complete authority and ratification of their principal, STATE by and through the CHP.

8. On information and belief, DOES 1-10 were residents of the County of Los Angeles.

9. The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 1-10, inclusive, are unknown to Plaintiff, who otherwise sues these Defendants by such fictitious names.  Plaintiff will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained.  Each of the fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

10. At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

11. All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or

1  employment capacity.  Moreover, Defendants and their agents ratified all of the acts
2  complained of herein.
3      12.    DOES 1-10 are sued in their individual capacity.

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

6      13.    Plaintiff repeats and re-alleges each and every allegation in
7  paragraphs 1 through 12 of this Complaint with the same force and effect as if fully
8  set forth herein.
9      14.    On July 4, 2021, at approximately 11:00 p.m., Defendants NASH and
10  PORTILLO attempted to conduct a traffic stop of a two-door Infinity, later
11  identified to by driven by PLAINTIFF, on the 210 freeway on the City of Pasadena,
12  California.
13      15.    Defendants NASH and PORTILLO pursued PLAINTIFF westbound
14  on the 210 freeway. At some point, another CHP officer, a secondary unit, joined
15  the pursuit, which proceeded southbound on Glendale Boulevard and southbound on
16  the 101 freeway.
17      16.    The Infinity exited the 101 freeway and drove to the end of a roadway
18  blocked by a metal fence at East Commercial Street. Defendant NASH stopped his
19  patrol vehicle behind the Infinity as the Infinity executed a three-point turn where
20  the metal face adjoined a retaining wall. Defendant NASH exited his vehicle, drew
21  his firearm, and stood behind the driver side door. Defendant PORTOLLO exited
22  the vehicle, drew her firearm, and stood behind the passenger side door.
23      17.    Once PLAINTIFF completed the three-point turn in the Infinity, he
24  attempted to drive the vehicle around the patrol vehicle, through the open space
25  between the patrol vehicle and the retaining wall.  As the Infinity moved forward
26  and through the open space between the patrol vehicle and the retaining wall,
27  Defendants NASH and PORTILLO discharged their firearms into the Infinity,
28  striking PLAINTIFF several times.

18. Defendant NASH fired approximately four shots into the driver's side of the Infinity. Defendant PORTILLO fired approximately eight rounds into the Infinity.

19. The secondary unit arrived as the Infinity began moving through the open space between the patrol vehicle and the retaining wall and drove to a position behind and perpendicular to Defendants NASH and PORTILLO's patrol vehicle, causing the Infinity to collide with the secondary unit when it traveled between the open space between Defendants NASH and PORTILLO's patrol vehicle and the retaining wall.

20. At all relevant times, PLAINTIFF was unarmed. PLAINTIFF did not pose an immediate threat of serious bodily injury or death to Defendants NASH, PORTILLO, or anyone else at the time of the shooting.

21. On information and belief, despite having knowledge that DECEDENT was seriously injured by Defendants NASH and PORTILLO's use of deadly force, Defendants NASH, PORTILLO and DOE OFFICERS failed to timely summon medical care or permit medical personnel to treat PLAINTIFF. The delay of medical care to PLAINTIFF was a contributing cause of PLAINTIFF's harm, injury, and pain and suffering.

22. As a result of the shooting, PLAINTIFF sustained serious physical injuries and has incurred financial loss and expenses in the form of past and future loss of earnings, decreased earning capacity, and past and future medical expenses. Also as a result of this incident, Plaintiff has endured pain and suffering and emotional and mental distress stemming from the physical injuries.

23. The statue of limitations on PLAINTIFF's claims were tolled due to a period of imprisonment and criminal charges brought in relation to the July 4, 2021 incident.

//
//

-4-
COMPLAINT FOR DAMAGES

## FIRST CLAIM FOR RELIEF

### Fourth Amendment —Excessive Force (42 U.S.C. § 1983)

(PLAINTIFF against Defendants NASH and PORTILLO)

24. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 23 of this Complaint with the same force and effect as if fully set forth herein.

25. At all relevant times, Defendants NASH and PORTILLO were acting under color of law.

26. Defendants NASH and PORTILLO used excessive force against PLAINTIFF when they intentionally shot at him and his moving vehicle when PLAINTIFF did not pose an immediate threat of death or serious physical injury to Defendants or to anyone else. Defendants NASH and PORTILLO's unjustified use of force deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to PLAINTIFF under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

27. Defendants NASH and PORTILLO did not exhaust all reasonable alternative measures prior to the shooting, and NASH and PORTILLO showed no reverence for human life when they shot PLAINTIFF. Defendants NASH and PORTILLO failed to give a warning that deadly force was going to be used prior to the shooting, despite it being feasible to do so.

28. PLAINTIFF suffered serious and permanent physical injuries, financial loss, decreased earning capacity, and emotional and mental distress as a result of the shooting.

29. As a result of their misconduct as described above, Defendants NASH and PORTILLO are liable for PLAINTIFF's injuries.

30. The conduct of Defendants NASH and PORTILLO was willful, wanton, malicious, and done with reckless disregard for the rights and safety of

PLAINTIFF, and therefore warrants the imposition of exemplary and punitive damages as to Defendants NASH and PORTILLO.

31. The shooting was excessive and unreasonable, and PLAINTIFF posed no immediate threat of death or serious bodily injury at the time of the shooting. Further, Defendants NASH and PORTILLO's shooting and use of force violated their training and standard police officer training.

32. PLAINTIFF seeks compensatory damages for the violations of his rights, including damages for past and future medical expenses, past and future loss of earnings and decreased earning capacity, physical injuries, past and future pain and suffering, emotional and mental distress stemming from the physical injuries, humiliation, and disfigurement. PLAINTIFF also seeks punitive damages, costs, and attorney's fees under this claim.

## SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

(PLAINTIFF against Defendants NASH, PORTILLO, and DOE OFFICERS)

33. PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 32 of this Complaint with the same force and effect as if fully set forth herein.

34. Defendants NASH, PORTILLO, and DOE OFFICERS acted under color of law.

35. The denial of medical care by Defendants NASH, PORTILLO, and DOE OFFICERS deprived PLAINTIFF of his right to be secure in her person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

36. Defendants NASH, PORTILLO, and DOE OFFICERS knew that failure to provide timely medical treatment to PLAINTIFF could result in further

1 significant injury or unnecessary and wanton infliction of pain, but disregarded that
2 serious medical need, causing PLAINTIFF great bodily harm.

3     37.    As a result of the foregoing, PLAINTIFF suffered great physical pain,
4 mental anguish, humiliation, loss of earnings, and emotional distress.

5     38.    The conduct of Defendants NASH, PORTILLO, and DOE OFFICERS
6 was willful, wanton, malicious, and done with reckless disregard for the rights and
7 safety of PLAINTIFF and therefore warrants the imposition of exemplary and
8 punitive damages as to Defendants NASH, PORTILLO, and DOE OFFICERS.

9     39.    As a result of their misconduct, Defendants NASH, PORTILLO, and
10 DOE OFFICERS are liable for PLAINTIFF's injuries, either because they were
11 integral participants in the use of excessive force or because they failed to prevent
12 these violations.

13     40.    PLAINTIFF seeks compensatory damages for the violations of his
14 rights, including damages for past and future medical expenses, past and future loss
15 of earnings and decreased earning capacity, physical injuries, past and future pain
16 and suffering, emotional and mental distress stemming from the physical injuries,
17 humiliation, and disfigurement. PLAINTIFF also seeks punitive damages, costs, and
18 attorney's fees under this claim.
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Brandon Stevenson requests entry of judgment in his favor and against Defendants Lamont Nash, Suzanne Portillo, and Does 1-10, inclusive, as follows:

A. For compensatory damages in an amount to be proven at trial, including damages for his serious physical injuries, for his pain and suffering, for past and future medical expenses, for past and future financial loss, and past and future mental and emotional distress;

B. For punitive damages against individual defendants in an amount to be proven at trial;

C. For interest;

D. For reasonable costs of this suit and attorneys' fees; and

E. For such further other relief as the Court may deem just, proper, and appropriate.

DATED: December 26, 2024        LAW OFFICES OF DALE K. GALIPO

By  /s/ Dale K. Galipo
Dale K. Galipo
Hang D. Le
Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED: December 26, 2024        LAW OFFICES OF DALE K. GALIPO

                                By_____ */s/ Dale K.Galipo*_____
                                    Dale K. Galipo
                                    Hang D. Le
                                    Attorneys for Plaintiffs