Rob Bonta
Attorney General of California
Donna M. Dean
Supervising Deputy Attorney General
State Bar No. 187104
David Klehm
Deputy Attorney General
State Bar No. 165302
 300 South Spring Street, Suite 1702
 Los Angeles, CA  90013-1230
 Telephone:  (213) 269-6509
 Fax:  (916) 731-2120
 E-mail:  Donna.Dean@doj.ca.gov
*Attorneys for Defendants*
*Lamont Nash and Suzanne Portillo*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

CENTRAL DISTRICT

| | |
|---|---|
| **BRANDON STEVENSON,**<br><br>                              Plaintiff,<br><br>           v.<br><br>**LAMONT NASH, SUZANNE PORTILLO AND DOES 1 THROUGH 10, INCLUSIVE,**<br><br>                              Defendants. | 2:24-cv-11112-ODW(RAOx)<br><br>**ANSWER BY DEFENDANTS LAMONT NASH, SUZANNE PORTILLO TO COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Complaint served: January 28, 2025<br>Courtroom:            5D<br>Judge:        The Honorable Otis D. Wright, II<br>Trial Date:    Not set<br>Action Filed: January 2, 2025 |

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**COME NOW** Defendants, LAMONT NASH and SUZANNE PORTILLO and by this Answer to the Complaint, admit, deny, and allege as follows:

## INTRODUCTION

1. Answering paragraph 1 of the complaint, answering defendants admit this lawsuit arises out of the officer involved shooting of plaintiff Brandon Stevenson on July 4, 2021. Answering defendant denies each and every remaining allegation of said paragraph and any inferences that may be drawn therefrom.

## JURISDICTION AND VENUE

2. Answering paragraph 2 of the complaint, said paragraph contains conclusions of law which do not require an answer.

3. Answering paragraph 3 of the complaint, said paragraph contains conclusions of law which do not require an answer. To the extent that paragraph 3 may be deemed to require an answer, answering defendant admits that the incidents, events, and occurrences giving rise to this action occurred in the district. Answering defendants object to the allegation that they as California Highway Patrol (CHP) officers "reside in this district" on the ground that such information is confidential pursuant to the official information privilege and California Penal Code sections 832.7 and 832.8, and, on that basis, denies those allegations and any inferences that may be drawn therefrom.

## PARTIES

4. Answering defendant lacks sufficient knowledge or information from which to form a belief as to the truth of plaintiff's allegations in paragraph 4 of the complaint, and, on that basis, denies those allegations and any inferences that may be drawn therefrom.

/ / /

/ / /

/ / /

5. Answering paragraph 5 of the complaint, answering defendant, LAMONT NASH admits that he is, and at all times relevant to this action, was, an employee of the CHP acting within the course and scope of his employment with the CHP. Answering defendant, NASH denies each and every remaining allegation of said paragraph and any inferences that may be drawn therefrom.

6. Answering paragraph 6 of the complaint, answering defendant, SUZANNE PORTILLO admits that she is, and at all times relevant to this action, was, an employee of the CHP acting within the course and scope of her employment with the CHP. Answering defendant, PORTILLO denies each and every remaining allegation of said paragraph and any inferences that may be drawn therefrom.

7. Answering paragraph 7 of the complaint, answering defendant lacks sufficient knowledge or information from which to form a belief as to the truth of plaintiff's allegations in paragraph 7 of the complaint, and, on that basis, denies those allegations and any inferences that may be drawn therefrom.

8. Answering paragraph 8 of the complaint, answering defendant lacks sufficient knowledge or information from which to form a belief as to the truth of plaintiff's allegations in paragraph 8 of the complaint, and, on that basis, denies those allegations and any inferences that may be drawn therefrom.

9. Answering paragraph 9 of the complaint, answering defendant lacks sufficient knowledge or information from which to form a belief as to the truth of plaintiff's allegations in paragraph 9 of the complaint, and, on that basis, denies those allegations and any inferences that may be drawn therefrom.

10. Answering paragraph 10 of the complaint, answering defendant lacks sufficient knowledge or information from which to form a belief as to the truth of plaintiff's allegations in paragraph 10 of the complaint, and, on that basis, denies those allegations and any inferences that may be drawn therefrom.

///

11. Answering paragraph 11 of the complaint, said paragraph contains conclusions of law which do not require an answer. To the extent that paragraph 11 may be deemed to require an answer, answering defendant lacks sufficient knowledge or information from which to form a belief as to the truth of plaintiff's remaining allegations in paragraph 11 of the complaint, and, on that basis, denies those allegations and any inferences that may be drawn therefrom.

12. Answering paragraph 12 of the complaint, said paragraph contains conclusions of law which do not require an answer.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

13. Answering paragraph 13 of the complaint, answering defendant reasserts and incorporates by this reference its responses to paragraphs 1 through 12, inclusive, as though fully set forth at length herein.

14. Answering paragraph 14 of the complaint, answering defendants admit that the incident giving rise to this lawsuit occurred on July 4, 2021, in the City of Pasadena, California and was initiated when defendants attempted to pullover plaintiff's speeding two-door Infinity on the 210 Freeway. Answering defendants deny each and every remaining allegation in paragraph 14 of the complaint and any inferences that may be drawn therefrom.

15. Answering paragraph 15 of the complaint, answering defendants admit that they and another CHP officer were in pursuit of plaintiff's vehicle southbound on Glendale Blvd. and southbound on the 101 freeway. Answering defendant denies each and every remaining allegation in paragraph 15 of the complaint and any inferences that may be drawn therefrom.

///
///
///
///
///

16. Answering paragraph 16 of the complaint, answering defendants admit they continued to pursue plaintiff's vehicle until it reached East Commercial Street. Defendants admit they each exited their respective patrol vehicles at that location. Answering defendant lacks sufficient knowledge or information from which to form a belief as to the truth of the remainder of plaintiff's allegations in paragraph 16 of the complaint and, on that basis, denies those allegations and any inferences that may be drawn therefrom.

17. Answering paragraph 17 of the complaint answering defendants admit they discharged their firearms as plaintiff drove his vehicle towards answering defendants. Answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiff's allegations in paragraph 17 of the complaint and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

18. Answering paragraph 18 of the complaint answering defendant NASH admits he discharged his firearm approximately four times as plaintiff drove his vehicle towards answering defendants. Answering defendant PORTILLO admits she discharged her firearm approximately eight times as plaintiff drove his vehicle towards answering defendants. Answering defendants deny each and every remaining allegation of said paragraph and any inferences that may be drawn therefrom.

19. Answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiff's allegations in paragraph 19 of the complaint and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

20. Answering defendants deny each and every allegation in paragraph 20 of the complaint and any inferences that may be drawn therefrom.

///

///

21. Answering defendants deny each and every allegation in paragraph 21 of the complaint and any inferences that may be drawn therefrom.

22. Answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiff's allegations in paragraph 22 of the complaint and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

23. Answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiff's allegations in paragraph 23 of the complaint and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

## FIRST CLAIM FOR RELIEF

### Fourth Amendment – Excessive Force (42 U.S.C. § 1983)

(By all Plaintiff against Defendants, NASH, PORTILLO and DOE OFFICERS)

24. Answering paragraph 24 of the complaint, answering defendants reassert and incorporate by this reference their responses to paragraphs 1 through 23, inclusive, as though fully set forth at length herein.

25. Answering paragraph 25 of the complaint, answering defendants admit that they were acting under the color of state law at all relevant times.

26. Answering paragraph 26 of the complaint, answering defendants admit that they were acting in the course and scope of their duties when they each discharged their respective service firearms as plaintiff drove his rapidly moving vehicle towards them. Answering defendants deny each and every remaining allegation in paragraph 26 of the complaint and any inferences that may be drawn therefrom.

27. Answering defendants deny each and every allegation in paragraph 27 of the complaint and any inferences that may be drawn therefrom.

/ / /

/ / /

28. Answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiff's allegations in paragraph 28 of the complaint and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

29. Answering defendants deny each and every allegation in paragraph 29 of the complaint and any inferences that may be drawn therefrom.

30. Answering defendants deny each and every allegation in paragraph 30 of the complaint and any inferences that may be drawn therefrom.

31. Answering defendants deny each and every allegation in paragraph 31 of the complaint and any inferences that may be drawn therefrom.

32. Answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiff's allegations in paragraph 32 of the complaint and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

## SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure – Denial of Medical Care (42 U.S.C. § 1983)**

(By all Plaintiff against Defendants, NASH, PORTILLO and DOE OFFICERS)

33. Answering paragraph 33 of the complaint, answering defendants reassert and incorporate by this reference their responses to paragraphs 1 through 32, inclusive, as though fully set forth at length herein.

34. Answering paragraph 34 of the complaint, answering defendants admit that they were acting under the color of state law.

35. Answering defendant lacks sufficient knowledge or information from which to form a belief as to the truth of plaintiff's allegations in paragraph 35 of the complaint because the allegations refer to a "DECEDENT" and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

///

///

36. Answering defendants deny each and every allegation in paragraph 36 of the complaint and any inferences that may be drawn therefrom.

37. Answering defendants lacks sufficient knowledge or information from which to form a belief as to the truth of plaintiff's allegations in paragraph 37 of the complaint and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

38. Answering defendants deny each and every allegation in paragraph 38 of the complaint and any inferences that may be drawn therefrom.

39. Answering defendants deny each and every allegation in paragraph 39 of the complaint and any inferences that may be drawn therefrom.

40. Answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiff's allegations in paragraph 40 of the complaint and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

### **Allegations in Prayer**

Answering the allegations in the Prayer of the COMPLAINT, Defendants deny that Plaintiff is entitled to any of the requested relief.

Any allegations in the COMPLAINT not addressed above are denied.

### **AFFIRMATIVE DEFENSES**

**AS SEPARATE AND AFFIRMATIVE DEFENSES**, answering Defendants allege as follows:

**AFFIRMATIVE DEFENSE NO. 1:**

The COMPLAINT and each cause of action fail to make allegations sufficient to constitute a claim for relief against these answering Defendants.

**AFFIRMATIVE DEFENSE NO. 2:**

The COMPLAINT and each cause of action are barred by the two-year statute of limitations of California Code of Civil Procedure section 335.1.

**AFFIRMATIVE DEFENSE NO. 3:**

There is no imputed liability between public officers in actions under the Federal Civil Rights Act. There is no vicarious liability under the Federal Civil Rights Act.

**AFFIRMATIVE DEFENSE NO. 4:**

Defendants are entitled to qualified immunity. Defendants acted, at all times herein relevant, in good faith, with due care, within the scope of discretion, and pursuant to laws, regulations, rules, and practices reasonably believed to be in accordance with the Constitution and laws of the United States. There is no liability pursuant to the Federal Civil Rights Act where one acts in good faith and entertains an honest, reasonable belief that one's actions are in accord with the clearly-established law. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

**AFFIRMATIVE DEFENSE NO. 5:**

Any and all alleged happenings and events, damages, and injuries, if any there were, were proximately caused and/or contributed to by the negligence or other wrongful conduct of Plaintiff who failed to exercise ordinary and reasonable care for his own safety and welfare and for the safety and welfare of others at the times and places alleged in the COMPLAINT. Such negligence or other wrongful conduct bars and/or reduces Plaintiff's recovery in proportion to the negligence and fault of Plaintiff.

**AFFIRMATIVE DEFENSE NO. 6:**

Any damages or injuries sustained by Plaintiff were proximately caused and/or contributed to by the negligence or other wrongful conduct of persons and entities other than these Defendants, in violation of the duty of such persons and entities to exercise ordinary and reasonable care for the safety of others. Defendants therefore allege that any and all damages awarded herein should be apportioned between all responsible persons, entities, and parties pursuant to the doctrines of comparative negligence/fault, total indemnity, and partial indemnity.

**AFFIRMATIVE DEFENSE NO. 7:**

Plaintiff willingly, voluntarily, and knowingly assumed each, every, and all of the risks and hazards involved in the activities alleged in the COMPLAINT. Plaintiff's action is therefore barred. **AFFIRMATIVE DEFENSE NO. 8:**

The damages alleged in the COMPLAINT herein are subject to a set-off either partially or in full.

**AFFIRMATIVE DEFENSE NO. 9:**

At all relevant times, Plaintiff failed to mitigate injury and damages.

**AFFIRMATIVE DEFENSE NO. 10:**

The action is barred by the doctrines of laches and unreasonable delay in bringing this action.

**AFFIRMATIVE DEFENSE NO. 11:**

The detention or arrest, if any there was, alleged in the COMPLAINT was regular and lawful and made in good faith by a peace officer or peace officers acting within the course and scope of authority and with reasonable cause to believe at the time that such action was lawful.

**AFFIRMATIVE DEFENSE NO. 12:**

To the extent that any force was used in making the arrest or detention, if any there was, alleged in the COMPLAINT, it was privileged and lawful as necessary to effect arrest or detention, to prevent escape, and to overcome resistance.

**AFFIRMATIVE DEFENSE NO. 13:**

Pursuant to California Government Code section 985, any judgment entered herein may be reduced for collateral source payments paid or obligated to be paid for services or benefits that were provided prior to commencement of trial.

**AFFIRMATIVE DEFENSE NO. 14:**

Pursuant to California Government Code sections 962 and 984, any judgment entered herein may be paid by periodic payments rather than in a lump sum.

///

**AFFIRMATIVE DEFENSE NO. 15:**

Plaintiff is not entitled to any prejudgment interest pursuant to California Civil Code Section 3291, since California Civil Code Section 3291 does not apply to a public entity or to a public employee acting within the scope of employment.

**AFFIRMATIVE DEFENSE NO. 16:**

Should Defendants be found liable to Plaintiff, which liability is expressly denied, any award for past medical expenses cannot exceed the amount paid by any third party to Plaintiff's medical providers as full payment for the medical services rendered.

**AFFIRMATIVE DEFENSE NO. 17:**

These answering Defendants will be entitled to reasonable attorney fees and costs of suit upon prevailing within the meaning of 42 U.S.C. § 1988 and/or California Code of Civil Procedure section 1038.

**WHEREFORE**, Defendants pray that:

1. Judgment be rendered in favor of Defendants and against Plaintiff;
2. Plaintiff takes nothing by the COMPLAINT;
3. Defendants be awarded attorneys' fees and costs of suit incurred herein; and
4. Defendants be awarded such other and further relief as the Court may deem necessary and proper.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b) and Local Civil Rule 38.1, Defendants hereby make a demand for a jury trial on any issue triable of right by a jury.

Dated:  March 20, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
DONNA M. DEAN
Supervising Deputy Attorney General

/s/ David Klehm

DAVID KLEHM
Deputy Attorney General

## DECLARATION OF SERVICE BY E-MAIL and U.S. MAIL

Case Name: **Stevenson v. Nash, et al.**
No.: **2:24-cv-11112-ODW(RAOx)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. My business address is: 600 West Broadway, Suite 1800, P.O. Box 85266, San Diego, CA 92186-5266. My electronic service address is Christine.Henson@doj.ca.gov. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On March 20, 2025, I served the attached

> **ANSWER BY DEFENDANTS LAMONT NASH, SUZANNE PORTILLO TO COMPLAINT AND DEMAND FOR JURY TRIAL**

by transmitting a true copy via electronic mail. In addition, I placed a true copy thereof enclosed in a sealed envelope, in the internal mail system of the Office of the Attorney General, addressed as follows:

| | |
|---|---|
| Dale K. Galipo, Esq. | **E-mail Address**: |
| Hang Le, Esq. | dalekgalipo@yahoo.com |
| Law Offices of Dale K. Galipo | Hlee@galipo@law.com |
| 21800 Burbank Blvd., Suite 310 | slaurel@galipolaw.com |
| Woodland Hills, CA 91367-6479 | |
| | *Attorney for Plaintiff* |

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on March 20, 2025, at San Diego, California.

|                C. Henson                |            *[signature]*            |
|:-----------:|:-----------:|
| Declarant | Signature |

LA2025600488
85021248.docx