ROB BONTA
Attorney General of California
ROLANDO PASQUALI
Supervising Deputy Attorney General
DAVID KLEHM
Deputy Attorney General
State Bar No. 165302
600 West Broadway, Suite 1800
San Diego, CA 92101
Telephone: (619) 321-5427
Fax: (916) 731-2120
E-mail: David.Klehm@doj.ca.gov
*Attorneys for Defendants*
*Lamont Nash and Suzanne Portillo*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**CENTRAL DISTRICT**

| | |
|---|---|
| **BRANDON STEVENSON,**<br>Plaintiff,<br>**v.**<br>**LAMONT NASH, SUZANNE PORTILLO AND DOES 1 THROUGH 10, INCLUSIVE,**<br>Defendants. | Case No. 2:24-cv-11112-ODW-RAO<br>Assigned to: *Honorable Otis D. Wright Mag. Judge Rozella A. Oliver*<br>**DEFENDANTS LAMONT NASH, SUZANNE PORTILLO EX PARTE TO CONTINUE TRIAL DATE DUE TO RECENT CONFLICTING SUPERIOR COURT TRIAL DATE CONTINUANCE**<br>Courtroom: 5D<br>Judge: The Honorable Otis D. Wright, II<br>Trial Date: November 3, 2026<br>Action Filed: January 2, 2025 |

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendants, LAMONT NASH and SUZANNE PORTILLO respectfully apply ex parte under Central District of California Local Rules 7-19 and 40-1, and this Court's Standing Order, for an order continuing the trial presently set for November 3, 2026, and continuing all associated pretrial dates accordingly.

This application is being filed less than five days after a calendar conflict arose. Defendants request this relief because lead trial counsel has just recently been scheduled to be engaged in a six-week California Superior Court jury trial beginning October 2, 2026.

The current potential conflict resulted from an unexpected state-court reset after lead counsel had previously moved the federal trial from September 22, 2026, to November 3, 2026, in reasonable reliance on the state court's then-scheduled July 31, 2026, trial date requested by plaintiff's counsel in that action. At the September 18, 2026, trial call hearing in Riverside Superior Court, Dept. 6, plaintiff's counsel requested another trial continuance because she was currently engaged in a jury trial in Los Angeles Superior Court.

Defense counsel promptly advised the Superior Court of the resulting November 3 federal-trial conflict and further advised the Superior Court that defense counsel purposely requested the prior September 22, 2026, be continued to the present November 3, 2026, trial date to accommodate the prior July 31, 2026, trial date. The Superior Court nevertheless reset the state court trial to October 2, 2026. Absent relief, the anticipated 6-week state court trial will overlap with, and likely continue well beyond the November 3, 2026, federal trial date. Although it is possible plaintiff's counsel will request a third continuance of the trial date on or before the October 2nd trial call hearing, defendants bring the instant ex parte application in an abundance of caution to notify this Court as soon as possible of the potential trial date conflict.

This application is supported by the accompanying memorandum, the Declaration of David Klehm, the records and files in this action, and any argument the Court permits.

///

///

///

**PLAINTIFF COUNSEL'S POSITION.**

On September 18, 2026, defendant contacted plaintiff's counsel, Ms. Hang Le at the Law Offices of Dale Galipo, (818) 347-3333, hle@galipolaw.com and advised counsel of this application, and requested a stipulation to continue the November 3, 2026 trial date. Plaintiff opposes because plaintiff's lead trial counsel is not available in December or in early 2027, due to this trial schedule. However, on September 21st, Mr. Galipo graciously stated that he would work with defense counsel as much as possible to coordinate a mutually acceptable trial date to the extent his schedule permits.

Dated: September 22, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
ROLANDO PASQUALI
Supervising Deputy Attorney General

David Klehm

DAVID KLEHM
Deputy Attorney General
Attorneys for Defendants,
Lamont Nash and Suzanne Portillo

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants respectfully seek a continuance of the November 3, 2026 trial date. Good cause exists because defendant's lead trial counsel is now required to try an estimated six-week California Superior Court jury trial beginning October 2, 2026. That conflict did not arise from lack of diligence or a voluntary disregard of this Court's calendar. Instead, counsel previously moved this federal trial from September 22, 2026, to November 3, 2026, in reasonable reliance on the prior July 31, 2026, state-court trial setting. However, at the trial call hearing on September 18, 2026, the Superior Court unexpectedly reset that state trial to October 2, 2026, despite counsel's repeated efforts to explain the resulting conflict with this Court's November 3rd trial date.

The requested continuance is necessary to protect defendant's right to be represented at trial by counsel who has prepared the case and to avoid forcing counsel to choose between conflicting jury trials in two courts. Defendants seek the first reasonably available trial date that accommodates the Court's calendar and counsel's confirmed trial obligations. Defendant further requests that all related dates be continued proportionately.

## II. RELEVANT PROCEDURAL HISTORY AND CASE DATES

1. The current trial date is **November 3, 2026**.
2. The current discovery cutoff has already expired.
3. The current final pretrial conference date is **October 12, 2026.**
4. The current deadline for the final pretrial conference order is **October 5, 2026**.
5. On or about May 6, 2026, the trial in this action was moved by order of the court (following stipulation of the parties) from September 22, 2026, to November 3, 2026. ECF No. 29. Defense counsel agreed to that scheduling change in reliance on the then-existing state-court trial schedule in Riverside Superior Court, Case No. CVRI2306307 which at that time was set to begin on July 31, 2026.

6. On July 31, 2026, at the state-court trial-call hearing, plaintiff requested a continuance in the Superior Court action. The state-court case was thereafter set for trial beginning September 18, 2026.

7. On September 18, 2026, at the trial call hearing, the Superior Court reset the state-court trial to October 2, 2026. The estimated trial length is six weeks. That setting directly conflicts with the November 3, 2026 trial date in this action.

8. Lead counsel timely advised the Superior Court that the October 2 setting would conflict with this Court's November 3 trial and that the September 22, 2026, trial date was moved in major part due to the state court order continuing the July 31, 2026, trial date to September 18, 2026. The Superior Court nevertheless ordered that the September 18, 2026, trial date be continued to October 2, 2026.

## III. GOOD CAUSE EXISTS FOR A CONTINUANCE

The Court's Standing Order requires a concrete showing of good cause for a continuance and requires the request to identify the existing trial and related dates, the specific reasons supporting relief, and prior extension requests. Defendant provides that concrete showing here.

Lead counsel's engagement in the state-court trial constitutes good cause. The state trial begins October 2, 2026, and is estimated to last six weeks. It will therefore overlap with the November 3, 2026, federal trial setting. Counsel's conflict is real, immediate, and documented; it is not a scheduling preference or a generalized assertion of workload.

Moreover, defendant and its counsel exercised reasonable diligence. Counsel rearranged the federal trial schedule based on the state court's trial July 31, 2026, setting. On September 18, 2026, when the state court reset the trial date to October 2, 2026, defense counsel made the federal court trial date conflict known. The state court's decision nevertheless created an unavoidable overlap. Defendant brings this request promptly after learning that the state-court trial would proceed on the conflicting October 2 date.

A continuance is also necessary to avoid substantial prejudice. Deputy Attorney General David Klehm has served as defendant's lead trial counsel throughout this matter, possesses detailed knowledge of the factual record, discovery, motion practice, expert issues, witness proof, evidentiary issues, and trial strategy. Substitution of trial counsel at this late stage would impose substantial cost and burden on defendant, create avoidable preparation problems, and undermine defendant's ability to present its case effectively. There is no realistic means for counsel to conduct overlapping jury trials in state and federal court.

**IV. THE REQUEST IS NARROW AND WILL NOT UNDULY PREJUDICE PLAINTIFF**

Defendants do not seek delay for tactical advantage. Defendants seek only a reasonable continuance to the first date on which lead trial counsel can appear without conflicting with the six-week state-court trial and counsel's previously scheduled federal matters. Defendants' counsel is prepared to work cooperatively with plaintiff's counsel and the Court to identify that date and to reset the pretrial schedule in a proportionate and orderly manner.

Any inconvenience to plaintiff from a continuance is substantially less than the prejudice to defendants if it is forced to trial without its prepared lead counsel due to an unavoidable, court-created conflict. A brief continuance will preserve fairness to both sides and permit the case to be tried on the merits with both parties adequately represented.

///

///

///

///

///

///

///

**V. CONCLUSION**

For these reasons, defendants respectfully request that the Court continue the November 3, 2026, trial date to the first date reasonably available to the Court and continue all related pretrial dates accordingly after defense counsel provides an update to this Court advising if the trial date in the Riverside Superior Court action is continued again at the upcoming October 2nd trial call hearing.

Dated: September 22, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
ROLANDO PASQUALI
Supervising Deputy Attorney General

David Klehm

DAVID KLEHM
Deputy Attorney General
Attorneys for Defendants,
Lamont Nash and Suzanne Portillo

## CERTIFICATE OF SERVICE

Case Name: **Stevenson v. Nash, et al.** No. **2:24-cv-11112-ODW(RAOx)**

I hereby certify that on September 22, 2026, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

- **DEFENDANTS LAMONT NASH, SUZANNE PORTILLO EX PARTE TO CONTINUE TRIAL DATE DUE TO RECENT CONFLICTING SUPERIOR COURT TRIAL DATE CONTINUANCE**
- **DECLARATION OF DAVID KLEHM IN SUPPORT OF DEFENDANTS LAMONT NASH, SUZANNE PORTILLO EX PARTE TO CONTINUE TRIAL DATE DUE TO RECENT CONFLICTING SUPERIOR COURT TRIAL DATE CONTINUANCE**
- **[PROPOSED] ORDER ON DEFENDANTS LAMONT NASH AND SUZANNE PORTILLO'S EX PARTE TO CONTINUE TRIAL DATE DUE TO RECENT CONFLICTING SUPERIOR COURT TRIAL DATE CONTINUANCE**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on September 22, 2026, at San Diego, California.

| | |
|---|---|
| A. Ceja | /s/ A. Ceja |
| Declarant | Signature |

LA2025600488
85922220.docx