ROB BONTA
Attorney General of California
ROLANDO PASQUALI
Supervising Deputy Attorney General
DAVID KLEHM
Deputy Attorney General
State Bar No. 165302
600 West Broadway, Suite 1800
San Diego, CA 92101
Telephone: (619) 738-9733
Fax: (916) 732-7920
E-mail: David.Klehm@doj.ca.gov
*Attorneys for Defendants*
*Lamont Nash and Suzanne Portillo*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

CENTRAL DISTRICT

| | |
|---|---|
| **BRANDON STEVENSON,**<br><br>Plaintiff,<br><br>**v.**<br><br>**LAMONT NASH, SUZANNE PORTILLO AND DOES 1 THROUGH 10, INCLUSIVE,**<br><br>Defendants. | 2:24-cv-11112-ODW(RAOx)<br><br>**DECLARATION OF DAVID KLEHM IN SUPPORT OF DEFENDANTS LAMONT NASH, SUZANNE PORTILLO EX PARTE TO CONTINUE TRIAL DATE DUE TO RECENT CONFLICTING SUPERIOR COURT TRIAL DATE CONTINUANCE**<br><br>Courtroom: 5D<br>Judge: The Honorable Otis D. Wright, II<br>Trial Date: November 3, 2026<br>Action Filed: January 2, 2025 |

I, David Klehm, declare:

1. I am a Deputy Attorney General in the Office of the California Attorney General and licensed to practice before this Court and am lead trial counsel for defendants, Sgt. Lamont Nash and Officer Suzanne Portillo in this action. I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would testify competently to them.

2. The trial in this action is presently set for November 3, 2026. The discovery cutoff has already expired, the final pretrial conference is October 12, 2206, and the final pretrial conference order is due October 5, 2026.

3. The parties have entered into two prior Stipulations related to Case Management dates, the most recent of which continued the prior September 18, 2026, trial date to November 3, 2026, ECF No. 29.

4. I am lead counsel responsible for trial preparation and trial presentation in this case. My responsibilities include managing fact and expert discovery, preparing and examining party, percipient and expert witnesses, preparing expert witnesses, evidentiary motions, exhibits, jury instructions, verdict form and trial strategy.

5. On or about May 6, 2026, the trial in this action was moved by order of the court (following stipulation of the parties) from September 22, 2026, to November 3, 2026. ECF No. 29. I agreed to that scheduling change in reliance on the then-existing state-court trial schedule in Riverside Superior Court, Case No. CVRI2306307 which at that time was set to begin on July 31, 2026.

6. Due to the court's trial setting order issued on September 18, 2026, I am not scheduled to be engaged in a six-week California Superior Court jury trial beginning October 2, 2026, in Riverside Superior Court, Case No. CVRI2306307.

7. The current potential trial date conflict resulted from an unexpected state-court trial date reset at the September 18, 2026, trial call hearing in Riverside Superior Court, Dept. 6, when the court granted plaintiff's counsel request for another trial continuance because plaintiff's counsel was engaged in a jury trial in Los Angeles Superior Court.

8. At the September 18, 2016, trial call hearing in the Riverside Superior Court, Case No. CVRI2306307 action, I promptly advised the Superior Court of the resulting November 3, 2026, federal-trial conflict. The Superior Court nevertheless reset the state court trial to October 2, 2026. Absent relief, the anticipated 6-week state court trial will overlap with, and likely continue well beyond the November 3,

2026, federal trial date.

9. Since the state-court trial is estimated to last six weeks, it will overlap with the November 3, 2026, federal trial and I cannot simultaneously try jury cases in two courts.

10. The conflict is not the result of a lack of diligence. I moved the federal trial from September 22 to November 3 in reasonable reliance on the then existing July 31, 2026, state-trial setting. I informed the state court of the federal conflict as soon as it became material at the September 18th trial call hearing. The state court's September 18, 2026, order continuing the trial to October 2, 2026, has now created the present unavoidable conflict.

11. Substitution of counsel or delegation of trial responsibility is not a reasonable alternative. I have represented defendant throughout this case and I am familiar with the extensive factual and procedural record, and have primary responsibility for all trial related task, witnesses examinations, trial documents and trial motions. Replacing lead trial counsel at this stage would impose substantial expense, delay, and prejudice on defendant and would likely be impossible due to the current shortage of experienced deputy attorney generals who would be able to serve as lead counsel for the November 3rd trial date.

12. On September 18, 2026, I contacted plaintiff's counsel, Ms. Hang Le at the Law Offices of Dale Galipo, (818) 347-3333, hle@galipolaw.com and advised counsel of this application and the 24 hours response time for an opposition and requested a stipulation to continue the November 3, 2026 trial date. Plaintiff opposes because plaintiff's lead trial counsel is not available in December or in early 2027, due to this trial schedule. However, on September 21st, Mr. Galipo graciously stated that he would work with me as much as possible to coordinate a mutually acceptable trial date to the extent his schedule permits.

///

///

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 22, 2026, at San Diego, California.

Dated: September 22, 2026

David Klehm

David Klehm

LA2025600488
85921954.docx