**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
E-mail: dalekgalipo@yahoo.com
Hang D. Le (SBN 293450)
E-mail: hlee@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333; Fax: (818) 347-4118

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRANDON STEVENSON, an individual;<br><br>Plaintiffs,<br><br>vs.<br><br>LAMONT NASH; SUZANNE PORTILLO; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:24-cv-11112-ODW-RAO<br><br>Assigned to: *Honorable Otis D. Wright*<br>*Mag. Judge Rozella A. Oliver*<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION TO CONTINUE TRIAL DATE** |

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff Brandon Stevenson hereby submits his Opposition to Defendants' *Ex Parte* Application to Continue Trial Date Due to Recent Conflicting Superior Court Trial Date Continuance. Defendants contend that due to a recent calendaring conflict wherein the Superior Court in one of defense counsel's other case moved an estimated six-week trial to October 2, 2026, despite defense counsel's advisement that the trial in this case was set for November 3, 2026 and therefore create a conflict. Defendants contend that the new trial in defense counsel's state court case now creates an unavoidable conflict for defense counsel as the state court trial is estimated to continue through the currently set trial date in this case. Plaintiff opposes the continuance on several grounds.

First, trial dates in state court are rarely, if ever, firm dates. The trial date of October 2, 2026, for defense counsel's other case may be moved or continued even further out. Second, the estimated six-week length of the state court case's trial is just that, an estimate. There is also a possibility that the state court's trial will end earlier than its estimated six-weeks length, which would allow defense counsel to try the October 2, 2026 state court trial as well as this November 3, 2026 trial. More importantly, defense counsel recently informed Plaintiff's counsel that there is a possibility that the October 2, 2026 trial date will be continued again and that he would know more after trial call on October 2. While Plaintiff's counsel is willing to work with defense counsel regarding the continuance of the trial date in this matter if it is certain that defense counsel's other case will proceed as scheduled and will last the estimated six weeks, unless and until that happens, Plaintiff opposes the continuance of the trial date.

Lastly, Plaintiff contends that Plaintiff will suffer prejudice if the trial date is continued. The incident in this case occurred on July 4, 2021 and over five years has passed. Plaintiff is entitled to his day in court without delay. Moreover, lead trial counsel for Plaintiff, Mr. Galipo, has a very busy trial calendar with limited

availability to reschedule the trial in this matter. It is likely that the rescheduling of the trial in this matter will push the trial date to mid-2027 or later, or force Mr. Galipo to reschedule one of his other trials, which would be unfair to an unrelated case. Mr. Galipo currently has two other trials scheduled for November 2026, two trials scheduled for December 2026, two trials scheduled for January 2027, four trials scheduled for February 2027, four trials scheduled for March 2027, three trials scheduled for April 2027, three trials scheduled for May 2027, and two trials scheduled for June 2027.

Accordingly, for the reasons set forth above, the Court should deny Defendants' *Ex Parte* Application and keep current trial date of November 3, 2026. However, should the Court decide to grant Defendants' *Ex Parte* Application, Plaintiff requests that the Court allow the parties to meet and confer on potential new trial dates to propose to the Court before it sets a new trial date.

Respectfully submitted,

DATED: September 23, 2026 LAW OFFICES OF DALE K. GALIPO

By /s/ Hana D. Le
Dale K. Galipo
Hang D. Le
Attorneys for Plaintiff Brandon Stevenson