**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
Hang D. Le, Esq. (Bar No. 293450)
hlee@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT FOR THE**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRANDON STEVENSON, an individual;<br><br>Plaintiffs,<br><br>vs.<br><br>LAMONT NASH; SUZANNE PORTILLO; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:24-cv-11112-ODW-RAO<br><br>*Assigned to*:<br>Honorable Otis D. Wright<br>Mag. Judge Rozella A. Oliver<br><br>**JOINT PROPOSED JURY INSTRUCTIONS**<br><br>Final Pretrial Conference:<br>Date: October 13, 2026<br>Time: 1:30 p.m.<br>Crtrm: 5D<br><br>Trial:<br>Date: November 3, 2026 |

**TO THE HONORABLE COURT**:

Pursuant to the Court's Scheduling and Case Management Order, Plaintiff Brandon Stevenson and Defendants Lamont Nash and Suzanne Portillo, by and through their respective counsel of record, hereby submit this Joint Proposed Jury Instructions.

Respectfully submitted,

DATED: October 5, 2026 LAW OFFICES OF DALE K. GALIPO

By *_/s/ Hana D. Le_*
Dale K. Galipo
Hang D. Le
Attorneys for Plaintiff

DATED: October 5, 2026 ROB BONTA
Attorney General of California
ROLANDO PASQUALI
Supervising Deputy Attorney General

By *_/s/ David Klehm_*
DAVID KLEHM
Deputy Attorney General
Attorneys for Defendants,
Lamont Nash and Suzanne Portillo

**TABLE OF CONTENTS**


| Number | Title | Source | Page No. |
|---|---|---|---|
| 1 | Duty of Jury | 9th Cir. 1.3 | 1 |
| 2 | Claims and Defenses | 9th Cir. 1.5 | 2 |
| 3 | Burden of Proof—Preponderance of the Evidence | 9th Cir. 1.6 | 3 |
| 4 | Two or More Parties—Different Legal Rights | 9th Cir. 1.8 | 4 |
| 5 | What is Evidence | 9th Cir. 1.9 | 5 |
| 6 | What is Not Evidence | 9th Cir. 1.10 | 6 |
| 7 | Evidence for a Limited Purpose | 9th Cir. 1.11 | 7 |
| 8 | Direct and Circumstantial Evidence | 9th Cir. 1.12 | 8 |
| 9 | Ruling on Objections | 9th Cir. 1.13 | 9 |
| 10 | Credibility of Witnesses | 9th Cir. 1.14 | 10 |
| 11 | Conduct of the Jury | 9th Cir. 1.15 | 12 |
| 12 | No Transcript Available to Jury | 9th Cir. 1.17 | 14 |
| 13 | Taking Notes | 9th Cir. 1.18 | 15 |
| 14 | Questions to Witnesses by Jurors | 9th Cir. 1.19 | 16 |
| 15 | Bench Conferences and Recesses | 9th Cir. 1.20 | 17 |
| 16 | Outline of Trial | 9th Cir. 1.21 | 18 |
| 17 | Cautionary | 9th Cir. 2.1 | 19 |
| 18 | Stipulations of Fact | 9th Cir. 2.3 | 20 |
| 19 | Expert Opinion Testimony | 9th Cir. 2.14 | 21 |
| 20 | Charts and Summaries Not Received in Evidence | 9th Cir. 2.15 | 22 |
| 21 | Charts and Summaries Received in Evidence | 9th Cir. 2.16 | 23 |
| 22 | Evidence in Electronic Format | 9th Cir. 2.17 | 24 |
| 23 | 1983 Claim—Introductory Instruction | 9th Cir. 9.1 | 26 |
| 24 | 1983 Claims Against Defendant in Individual Capacity—Elements and Burden of Proof | 9th Cir. 9.3 | 27 |
| 25 | Fourth Amendment—Unreasonable Seizure—Excessive Force | 9th Cir. 9.27 | 28 |
| 26 | Damages—Proof and Types | 9th Cir. 5.1, 5.2. | 30 |
| 27 | Duty to Deliberate | 9th Cir. 3.1 | 32 |

| Number | Title | Source | Page No. |
|---|---|---|---|
| 28 | Consideration of Evidence—Conduct of the Jury | 9th Cir. 3.2 | 33 |
| 29 | Communication with Court | 9th Cir. 3.3 | 35 |
| 30 | Return of Verdict | 9th Cir. 3.5 | 36 |
| 31 | Post-Discharge | 9th Cir. 3.9 | 37 |

**INSTRUCTION NO. 1**

Duty of Jury

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 1.3 (June 2026).

**INSTRUCTION NO. 2**

Claims and Defenses

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

This case arises out of an officer-involved shooting that occurred on July 4, 2021, in Los Angeles, California. The Plaintiff in this case is Brandon Stevenson. The Defendants California Highway Patrol officers Lamont Nash and Suzanne Portillo. Plaintiff contends that Defendants Lamont Nash and Suzanne Portillo used excessive force against him when they shot him. Plaintiff seeks monetary damages as permitted by law.

The defendants deny those claims and contend that their use of force was reasonable under the totality of the circumstances.

Source: Ninth Circuit Manual of Model Civil Jury Instructions No. 1.5 (June 2026).

**COURT'S INSTRUCTION NO. 3**

Burden of Proof – Preponderance of the Evidence

When a party has the burden of proof on any claim by a preponderance of evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Source: Ninth Circuit Manual of Model Civil Jury Instructions No. 1.6 (June 2026).

**INSTRUCTION NO. 4**

Two or More Parties—Different Legal Rights

You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to all parties.

Source: Ninth Circuit Manual of Model Civil Jury Instructions No. 1.8 (June 2026).

# INSTRUCTION NO. 5

What is Evidence

The evidence you are to consider in deciding what facts are consists of:

1. the sworn testimony of any witness;
2. the exhibits which are admitted into evidence;
3. any facts to which the lawyers have agreed; and
4. any facts that I may instruct you to accept as proved.

Source: Ninth Circuit Manual of Model Civil Jury Instructions No. 1.9 (June 2026).

## INSTRUCTION NO. 6

What is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No.1.10 (June 2026).

**INSTRUCTION NO. 7**

Evidence for a Limited Purpose

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

Source: Ninth Circuit Manual of Model Jury Civil Instructions, No. 1.11 (June 2026).

**INSTRUCTION NO. 8**

Direct and Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 1.12 (June 2026).

**INSTRUCTION NO. 9**

Ruling on Objections

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that this is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the stricken evidence for any purpose.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 1.13 (June 2026).

**INSTRUCTION NO. 10**

Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 1.14 (June 2026).

## PROPOSED INSTRUCTION NO. 11

Conduct of the Jury

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any

research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved – including the parties, the witnesses or the lawyers – until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on the evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested throughout the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial but an impartial jury, and if you decide the case based on the information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately, by sending a note through the clerk signed by any one or more of you.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 1.15 (June 2026).

**PROPOSED INSTRUCTION NO. 12**

No Transcript Available to Jury

I urge you to pay close attention to the testimony as it is given. During deliberations, you will not have a transcript of the trial testimony.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 1.17 (June 2026).

**PROPOSED INSTRUCTION NO. 13**

Taking Notes

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the courtroom. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 1.18 (June 2026).

**PROPOSED INSTRUCTION NO. 14**

Bench Conferences and Recesses

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 1.19 (June 2026).

**PROPOSED INSTRUCTION NO. 15**

Bench Conferences and Recesses

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 1.20 (June 2026).

**PROPOSED INSTRUCTION NO. 16**

Outline of Trial

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendants may cross-examine. Then the defendants may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 1.21 (June 2026).

**INSTRUCTION NO. 17**

Cautionary

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the Internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 2.1 (June 2026).

**INSTRUCTION NO. 18**

Stipulations of Fact

The parties have agreed to certain facts that will be read to you. You must therefore treat these facts as having been proved.

(1) The incident occurred on July 4, 2021.

(2) At all relevant times, Defendants Lamont Nash and Suzanne Portillo were acting within the course and scope of their employment as police officers for California Highway Patrol.

(3) At all relevant times, Defendants Lamont Nash and Suzanne Portillo were acting under color of state law.

(4) Brandon Stevenson sustained multiple gunshot wounds as a result of this incident.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 2.2 (June 2026).

**INSTRUCTION NO. 19**

Expert Opinion

You are about to hear testimony from Scott DeFoe, Scott Naramore, and Clarence Chapman, who will testify to opinions and reasons for their opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons for the opinion, and all the other evidence in the case.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 2.14 (June 2026).

**INSTRUCTION NO. 20**

Charts and Summaries Not Received in Evidence

Certain charts, summaries, and demonstrative diagrams and videos may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. These demonstrative materials are only as good as the underlying evidence that supports them. You should, therefore, given them only such weight as you think the underlying evidence deserves.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 2.15 (June 2026).

**INSTRUCTION NO. 21**

Charts and Summaries Received in Evidence

Certain charts and summaries may be admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 2.16 (June 2026).

**INSTRUCTION NO. 22**

Evidence in Electronic Format

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the clerk. If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with clerk present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately

and refrain from viewing such materials. Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 2.17 (June 2026).

**INSTRUCTION NO. 23**

Section 1983 Claim – Introductory Instruction

The plaintiff brings his claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 9.1 (June 2026).

**INSTRUCTION NO. 24**

Section 1983 Claim against Defendants in Individual Capacity—Elements and Burden of Proof

In order to prevail on his § 1983 claim for excessive force against defendants Lamont Nash and/or Suzanne Portillo (collectively, "Defendant Officers"), Plaintiff Brandon Stevenson must prove each of the following elements by a preponderance of the evidence:

1. Lamont Nash and/or Suzanne Portillo acted under color of state law; and
2. the acts of the Lamont Nash and/or Suzanne Portillo deprived Brandon Stevenson of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that Lamont Nash and Suzanne Portillo acted under color of state law.

Lamont Nash and/or Suzanne Portillo's conduct is an actual cause of Brandon Stevenson's injury only if the injury would not have occurred 'but for' that conduct, and the conduct has a sufficient connection to the result.

If you find Plaintiff Brandon Stevenson has proved each of these elements, and if you find that Plaintiff has proved all the elements he required to prove under the instructions that deal with Excessive Force and Delay of Medical Care, your verdict should be for Plaintiff Brandon Stevenson on that claim. If, on the other hand, you find that Plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant(s) on that claim.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 9.3 (June 2026).

**INSTRUCTION NO. 25**

Fourth Amendment—Unreasonable Seizure—Excessive Force

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest or defending himself. Therefore, in order to prove an unreasonable seizure by excessive force in this case, Plaintiff Brandon Stevenson must prove by a preponderance of the evidence that Defendants Lamont Nash and/or Suzanne Portillo used excessive force when they shot him.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether Lamont Nash and/or Suzanne Portillo used excessive force in this case, consider all of the circumstances known to the deputy on the scene, including:

1. The nature of the crime or other circumstances known to Lamont Nash and/or Suzanne Portillo at the time the force was applied;
2. Whether Brandon Stevenson posed an immediate threat *of death or serious bodily injury* to the Lamont Nash and/or Suzanne Portillo or to others at the time *deadly* force was applied;
3. Whether Brandon Stevenson was actively resisting arrest or attempting to evade arrest by flight;
4. The amount of time each officer had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

5. The relationship between the need for the use of force and the amount of force used;
6. The extent of Brandon Stevenson's injury;
7. Any effort made by Lamont Nash and/or Suzanne Portillo to temper or limit the amount of force;
8. The severity of the security problem at issue;
9. The availability of alternative methods to take Brandon Stevenson into custody;
10. The number of lives at risk, for example motorists, pedestrians, and police officers, and the parties' relative culpability, that is which party created the dangerous situation, and which party is more innocent;
11. Whether it was practical for Lamont Nash and/or Suzanne Portillo to give warning of the imminent use of force, and whether such warning was given;
12. Whether a reasonable officer would have or should have accurately perceived a mistaken fact.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 9.27 (June 2026) (modified); *Tabares v. City of Huntington Beach*, 988 F.3d 1119, 1126 (9th Cir. 2021) ("Under federal law, deadly force can be reasonable only if the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others." (internal quotation marks omitted); *A. K. H v. City of Tustin*, 837 F.3d 1005, 1012 (9th Cir. 2016) (determining that "perhaps most important" was that the officer at issue "escalated to deadly force very quickly").

**INSTRUCTION NO. 26**

Damages—Proof and Types of Damages

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiff Brandon Stevenson on any of Plaintiff's claims, you must determine Plaintiff's damages. Plaintiff Brandon Stevenson has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Plaintiff for any injury you find was caused by a defendant.

When determining Plaintiff Brandon Stevenson's damages, you should consider the following:

1. The nature and extent of the injuries;
2. The disability, disfigurement, and loss of enjoyment of life experienced and that with reasonable probability will be experienced in the future;
3. The mental, physical, and emotional pain and suffering experienced and that with reasonable probability will be experienced in the future;
4. The reasonable value of necessary medical care, treatment, and services received to the present time; and
5. The reasonable value of necessary medical care, treatment, and services that with reasonable probability will be required in the future.

It is up to you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

No fixed standard exists for deciding the amount of these noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

Source: Ninth Circuit Manual of Model Jury Civil Instructions Nos. 5.1, 5.2 (June 2026).

**INSTRUCTION NO. 27**

Duty to Deliberate

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and speak for the jury here in court.

You shall diligently strive to reach an agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the disucssion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 3.1 (June 2026).

# INSTRUCTION NO. 28

Consideration of Evidence—Conduct of the Jury

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 3.2 (June 2026).

**INSTRUCTION NO. 29**

Communication with Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 3.3 (June 2026).

**INSTRUCTION NO. 30**

Return of Verdict

A verdict form has been prepared for you. [*Explain verdict form as needed*.] After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form to your deliberations, sign and date it, and advise the marshal that you are ready to return to the courtroom.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 3.5 (June 2026).

**INSTRUCTION NO. 31**

Post-Discharge

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings. Now that the case is over, you are free to discuss it with any person you choose. By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 3.9 (June 2026).