**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRANDON STEVENSON, an individual;<br><br>Plaintiffs,<br><br>vs.<br><br>LAMONT NASH; SUZANNE PORTILLO; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:24-cv-11112-ODW-RAO<br><br>Assigned to:<br>*Honorable Otis D. Wright*<br>*Mag. Judge Rozella A. Oliver*<br><br>**[PROPOSED] FINAL PRE-TRIAL CONFERENCE ORDER**<br><br>Trial Date: November 3, 2026<br><br>Final Pre-Trial Conference: October 13, 2026<br><br>Judge: Hon. Otis D. Wright |

# TABLE OF CONTENTS


1. THE PARTIES AND PLEADINGS ....... 3
2. JURISDICTION ....... 3
3. TRIAL DURATION ....... 3
4. JURY TRIAL ....... 3
5. ADMITTED FACTS ....... 3
6. STIPULATED FACTS ....... 4
7. PARTIES' CLAIMS AND DEFENSES ....... 4
8. REMAINING TRIABLE ISSUES ....... 11
9. DISCOVERY ....... 11
10. DISCLOSURES AND EXHIBIT LIST ....... 11
11. WITNESS LIST ....... 11
12. MOTIONS IN LIMINE ....... 12
13. OTHER PRETRIAL MOTIONS ....... 13
14. BIFURCATION ....... 13
15. ADMISSIONS ....... 13

Following pretrial proceedings, pursuant to Federal Rule of Civil Procedure, Rule 16 and Local Rule 16, IT IS HEREBY ORDERED:

**1. THE PARTIES AND PLEADINGS**

Plaintiff: Brandon Stevenson.

Defendants: Lamont Nash and Suzanne Portillo.

All of the defendants have been served. All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed.

The pleadings that raise the issues are: Complaint for Damages. (Doc. No. 1); Answer by Defendants Lamont Nash, Suzanne Portillo to Complaint for Damages and Demand for Trial (Doc. No. 18.). Plaintiff voluntarily abandons/dismisses Plaintiff's Second Cause of Action for Denial of Medical Care (42 U.S.C. § 1983).

**2. JURISDICTION**

It is stipulated that subject matter jurisdiction over this action exists under 28 U.S.C. §§ 1331 and 1343(a)(3)-(4), and venue is proper in this District and this Division pursuant to 28 U.S.C. § 1391(b).

**3. TRIAL DURATION**

Trial is estimated to take 5-7 court days.

**4. JURY TRIAL**

The trial is to be a jury trial.

Plaintiff and Defendants shall serve and file their proposed jury instructions, joint exhibit list, joint witness list, joint statement of the case, and proposed verdict forms on October 5, 2026

**5. ADMITTED FACTS**

The following facts are admitted and require no proof:

1. This incident occurred on July 4, 2021.

2. At all relevant times, Defendants Lamont Nash and Suzanne Portillo were employed as police officers for the State of California by and through the California Highway Patrol.

3. At all relevant times, Defendants Lamont Nash and Suzanne Portillo were acting under color of state law.

**6. <u>STIPULATED FACTS</u>**

The parties do not stipulate to any facts beyond those listed in the above "Admitted Facts."

**7. <u>PARTIES' CLAIMS AND DEFENSES</u>**

**<u>Plaintiff's Claims</u>**:

(a) Plaintiff plans to pursue the following claim against Defendants:

**<u>Claim 1: Excessive Force (Fourth Amendment; 42 U.S.C. § 1983)</u>**

Plaintiff contends that Lamont Nash and Suzanne Portillo used excessive force when they shot him at a time when Plaintiff posed no immediate threat of death or serious bodily injury to any person. Plaintiff brings this claim against Lamont Nash and Suzanne Portillo. Plaintiff seeks compensatory damages for his injuries, including for his disability, impairment, disfigurement, physical and mental pain and suffering, inconvenience, grief, anxiety, and humiliation, as well as for the reasonable value of past and future medical care treatment, and services. Plaintiff also seeks punitive damages, costs, and statutory attorneys' fees under 42 U.S.C. § 1988 on this claim.

(b) The elements required to establish Plaintiff's claims are:

**<u>Claim 1: Excessive Force (Fourth Amendment; 42 U.S.C. § 1983)</u>**

1. Defendants Lamont Nash and Suzanne Portillo acted under color of state law (stipulated);
2. Defendants Lamont Nash and Suzanne Portillo used excessive force against Plaintiff;
3. The excessive force was a cause of injury, damage, or harm to Plaintiff.

*See* Ninth Circuit Manual of Model Jury Instructions, Instruction No. 9.27 (2017 Ed., June 2026 update); *Graham v. Connor*, 490 U.S. 386, 396 (1989).

(c) Brief Description of Key Evidence in Support of Plaintiff's Claims:

1. Testimony of the following individuals:
    a. Brandon Stevenson (Plaintiff)
    b. Lamont Nash (Defendant)
    c. Suzanne Portillo (Defendant)
    d. Morgan Oakley (CHP Officer)
    e. Scott Naramore (Plaintiff's accident reconstructionist)
    f. Scott DeFoe (Plaintiff's police practices expert)
    g. Plaintiff's treating physicians and physical therapists
        i. Kevin Michael Lunney, M.D.
        ii. Tayler Jean James, MD*
        iii. Morgan Anne Schellenberg, MD*
        iv. Christopher John Pellegrino, MD*
        v. Timonthy Saang Park, MD*
        vi. Gerold Joseph Farrell III, MD
        vii. Darlene Janalyn Hanlon, MD*
        viii. Lydia Lam, MD*
        ix. Parakrama Tissa Chandrasom, MD*
        x. Quazi Zubair Al - Tariq, MD*
        xi. Samuel Burstein, MD
        xii. Joseph Zibulewsky, MD
        xiii. Benjamin Nabong, PT, DPT
        xiv. Nouriel Niamehr, DO

* Witness will be called only if necessary.

xv. Christina Villanueva, NP*

xvi. Orah Mahtov, NP*

2. Videos of the Shooting

a. MVARS video from Nash and Portillo's patrol unit

b. MVARS video from Oakley's patrol unit

3. Still Shots from Videos

4. Scene Photographs

5. Initial interview of Lamont Nash, with transcript

6. Initial interview of Suzanne Portillo, with transcript

7. Initial interview of Morgan Oakley, with transcript

8. Relevant medical records and billings of Plaintiff pertaining to the incident

9. Video of bullet extraction from Plaintiff

10. Photographs of damage to Plaintiff's vehicle experience

11. CHP MAIT Physical Evidence Diagram

12. Relevant portions of California Highway Patrol Manual 70.6, Chapter 1 – Use of Force

**Defendants' Section**

Defendants' Response to Claim 1:

Claim 1 - Unreasonable Search and Seizure – Excessive Force (42 U.S.C. § 1983

In determining whether the officers used excessive force, all of the circumstances known to the officer on the scene must be considered, including:

(1) the nature of the crime or other circumstances known to Defendants, Sgt. Nash and Officer Portillo at the time force was applied;

(2) whether Brandon Stevenson posed an immediate threat to the safety of Defendants, Sgt. Nash and Officer Portillo or others;

(3) whether Brandon Stevenson was actively resisting arrest or attempting to evade arrest by flight;

(4) the amount of time Defendants, Sgt. Nash and Officer Portillo had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

(5) the relationship between the need for the use of force and the amount of force used;

(6) any effort made by Defendants, Sgt. Nash and Officer Portillo to temper or to limit the amount of force;

(7) the severity of the security problem at issue;

(8) the availability of alternative methods to subdue Brandon Stevenson;

(9) the number of lives at risk (motorists, police officers) and the parties' relative culpability; i.e., which party created the dangerous situation, and which party is more innocent;

(10) whether it was practical for Defendants, Sgt. Nash and Officer Portillo to give warning of the imminent use of force, and whether such warning was given;

(11) whether a reasonable officer would have or should have accurately perceived a mistaken fact; and

(12) whether there was probable cause for a reasonable officer to believe that the suspect had committed a crime involving the infliction or threatened infliction of serious physical harm.

See Ninth Circuit Model Civil Jury Instrs. 9.3, 9.20, 9.25; *Graham v. Connor*, 490 U.S. 386, 395 (1989); *Tatum v. City & Cty. of San Francisco*, 441 F.3d 1090, 1100 n.2 (9th Cir. 2006) ("[T]he decedent's 'successor in interest' may prosecute [a section 1983] survival action if the person . . . satisfies the requirements of California law."). Ninth Circuit Model Civil Jury Inst. 9.25.

In general, all claims of excessive force, whether deadly or not, should be analyzed under the objective reasonableness standard of the Fourth Amendment as

applied in *Scott v. Harris*, 550 U.S. 372, 381-85 (2007), *Graham v. Connor*, 490 U.S. 386, 397 (1989), *Tennessee v. Garner*, 471 U.S. 1, 7-12 (1985), and *Nehad v. Browder*, 929 F.3d 1125, 1132 (9th Cir. 2019).

In assessing reasonableness, the fact-finder should give "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id*. (citation omitted). In addition, "[t]he calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation." *Id*. at 396-97.

The Ninth Circuit has repeatedly emphasized that the most important factor is "whether the suspect posed an immediate threat to the safety of the officers or others." See, e.g., *S.B. v. Cty. of San Diego*, 864 F.3d 1010, 1013 (9th Cir. 2017) (internal quotation marks omitted); *Orn v. City of Tacoma*, 949 F.3d 1167 (9th Cir. 2020); *Tuuamalemalo v. Greene*, 946 F.3d 471, 477 (9th Cir. 2019). It is well-established that where a suspect threatens an officer with a weapon or where the officer has probable cause to believe that the suspect poses a threat of death or serious physical harm to the officer or others, the officer is justified in using deadly force. Tennessee v. Garner, 471 U.S. 1, 11 (1985); *Wilkinson v. Torres*, 610 F.3d 546, 546 (9th Cir. 2010).

**Defendants' Affirmative Defenses:**

**(a) Defendants plan to pursue the following affirmative defenses:**

Affirmative Defense 1: *Heck v Humphrey*, 512 U.S. 477 (1994)

<u>Affirmative Defense 2:</u> Qualified immunity against the Section 1983 claims.

**(b) The elements required to establish Defendants' affirmative defenses are:**

<u>Affirmative Defense 1: *Heck v Humphey*</u>

1. A civil verdict for plaintiff would undermine the validity of the criminal conviction for felony evasion of a peace officer.

When plaintiff was convicted of felony evasion, the jury had to find that plaintiff was fleeing with a "willful and wanton disregard for safety" from a peace officer. Plaintiff's claim that he was driving safely or merely trying to squeeze through a "narrow opening" without endangering anyone, directly contradicts the criminal jury's finding that Plaintiff's driving was inherently dangerous as he was evading Defendants, Sgt. Nash and Officer Portillo's efforts to arrest him.

<u>Affirmative Defense 2:</u>

Qualified immunity is a legal defense for the Court to decide when raised by a non-suit or post-verdict motion. *Ortiz v. Jordan*, 562 U.S. 180, 191 (2011) (holding qualified immunity must be raised by a Rule 50 motion following trial where disputed facts precluded resolution on summary judgment).

**(c) Key evidence Defendants rely on for each affirmative defense:**

Defendants will rely on testimony from Defendants, Sgt. Nash and Officer Portillo, whose own accounts will establish the actions they took in response to the driving maneuvers of Plaintiff during his evasion of Defendants' attempts to detain and arrest him.

Expert testimony from Clarence Chapman, (police practices) will address the reasonableness of the force used and in compliance with accepted law enforcement standards.

(d) Brief Description of Key Evidence in Support of Defendants' Affirmative Defenses:

Testimony of the following individuals:

a. Brandon Stevenson (Plaintiff)
b. Lamont Nash (Defendant)
c. Suzanne Portillo (Defendant)
d. Morgan Oakley (CHP Officer)
e. Scott Naramore (Plaintiff's accident reconstructionist)
f. Scott DeFoe (Plaintiff's police practices expert)
g. Clarence Chapman (Defendant's police practices expert)
h. Eric Voss
i. (CHP Officer)
j. Micheal Herrera (CHP Officer)
k. Danny Kuo (CHP Officer)
l. Jennnifer Dorrel, Los Angeles Police Dept. Criminalist (N5003)
m. Jake Choi LAPD Officer
n. Frank Flores LAPD Detective
o. Mark Shepherd
p. Chris Buono, Sgt. CHP
q. K. Butler, Sgt. CHP
r. J. Borncamp, Sgt. CHP

13. Videos of the Shooting
a. MVARS video from Nash and Portillo's patrol unit
b. MVARS video from Oakley's patrol unit

14. Still Shots from Videos

15. Scene Photographs

16. Photographs of damage to Plaintiff's vehicle

17. CHP MAIT Physical Evidence Diagram

18. Relevant portions of California Highway Patrol Manual 70.6, Chapter 1 – Use of Force

19. Information, L.A. Superior Court Case No. BA496776

20. Judgment L.A. Superior Court Case No. BA496776

**8. <u>REMAINING TRIABLE ISSUES</u>**

In view of the admitted facts and the elements required to establish the claims and affirmative defenses, the following issues remain to be tried:

1. Whether Defendants Sgt. Lamont Nash and/or Officer Suzanne Portillo used excessive force against Plaintiff Brandon Stevenson;
2. Whether Defendants Sgt. Lamont Nash and/or Officer Suzanne Portillo's use of excessive force was a cause of Plaintiff Brandon Stevenson's injury;
3. The nature and extent of Plaintiff Brandon Stevenson's damages.
4. Whether Defendants Sgt. Lamont Nash and/or Officer Suzanne Portillo had a reasonable objective fear of imminent death or serious bodily injury – to themselves or to their fellow officer – at the time they fired their respective service firearms at Plaintiff Brandon Stevenson.

**9. <u>DISCOVERY</u>**

All discovery is complete.

**10. <u>DISCLOSURES AND EXHIBIT LIST</u>**

All disclosures under Fed. R. Civ. P. 26(a)(3) have been made.

The joint exhibit list of the parties has been filed under separate cover as required by L.R. 16-6.1 ("Joint Exhibit List and Stipulation"). In view of the volume of exhibits marked by each party, the parties have incorporated in the attached "Joint Exhibit List and Stipulation" all agreements regarding admitted exhibits, and all objections, including grounds therefor.

**11. <u>WITNESS LIST</u>**

The Joint Witness List has been filed under separate cover.

Only the witnesses identified on the lists will be permitted to testify (other than solely for impeachment). Only the witnesses identified on the parties' witness lists may testify, except for purposes of impeachment. Witness lists remain subject to

modification based on the Court's rulings on motions in limine. The parties do not anticipate presenting deposition testimony at trial, except for impeachment or to refresh recollection. Accordingly, deposition transcripts will not be lodged with the Court pursuant to L.R. 32-1.

## 12. MOTIONS IN LIMINE

Motions *in Limine* and or law and motion matters will be filed with the Court. The parties have met and conferred on the motions *in limine*. The following motions *in limine*, and no others, are pending or contemplated:

**Plaintiff**:

1. Plaintiff's Motion *in Limine* No. 1 to Exclude Evidence or References to Information Not Known to Shooting Officers at the Time of the Incident and/or Information Acquired After the Shooting;

2. Plaintiff's Motion *in Limine* No. 2 to Exclude Certain Testimony and Opinion from Defense Police Practices Expert Clarence Chapman;

3. Plaintiff's Motion *in Limine* No. 3 to Exclude Evidence or References to Comments Made by Plaintiff Brandon Stevenson After the Shooting;

4. Plaintiff's Motion *in Limine* No. 4 to Exclude Evidence or References Testimony, Opinions, or Argument That It Was Permissible to Shoot Plaintiff for Merely Fleeing.

**Defendants**:

1. Defendants' Motion *in Limine* No. 1 to Exclude Testimony of Plaintiff regarding his subjective intent, including but not limited to, his intent to escape between Defendant's patrol unit and the concrete block wall.
2. Defendants' Motion in Limine No. 2 to Preclude Plaintiff from introducing evidence, offering testimony, or making arguments that either: (1) contradict the factual elements of Plaintiff's state court criminal conviction for felony evasion (California Vehicle Code § 2800.2); or (2) attempt to structurally

segment or divide the pursuit timeline to argue that the felony evasion had terminated prior to the officers' use of force.

**13. OTHER PRETRIAL MOTIONS**

The parties have met and conferred on all potential motions other than motions in limine. No other motions are contemplated.

**14. LEGAL ISSUES TO BE DETERMINED BY THE COURT**

Defendants contend that the following legal issue must still be determined by the Court: Whether plaintiff is issue-precluded, by his conviction under Vehicle Code section 2800.2, from denying that the terminal vehicle maneuver including driving towards Defendant Sgt. Lamont Nash was part of his willful and wanton evasion of pursing peace officers. Defendants further contend that plaintiff, having never completed his escape nor reached a place of safety, was still committing the violation of Vehicle Code section 2800.2 at the time that the officers discharged their weapons.

Plaintiff does not agree with this contention.

**15. BIFURCATION**

The parties do not request bifurcation of trial.

**16. ADMISSIONS**

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pre-Trial Conference Order shall supersede the pleadings, and govern the course of the trial of this case, unless modified to prevent manifest justice.

DATED: UNITED STATES DISTRICT COURT

______________________________
HON. OTIS D. WRIGHT
UNITED STATES DISTRICT JUDGE

Approved as to form and content:

/s/ Hang D. Le

Attorney for Plaintiff

/s/ David Klehm

Attorney for Defendants